88

Maximino Souffront y Maximino, Rosa Angélica y Rafael Elías Souffront Muñoz, demandantes y apelantes, v. Carmen Georgina Franco Valdés, demandada y apelada.

Núm. 7865.—*Sometido:* Febrero 2, 1940. *Resuelto:* Febrero 7, 1940.

*Pablo Andino,* abogado de los apelantes; *E. H. F. Dottin,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demanda del pleito que motiva este recurso va dirigida a obtener una declaración de nulidad del procedimiento ejecutivo hipotecario seguido por la aquí demandada contra el demandante Maximino Souffront y su esposa Benigna Muñoz. Varias son las causas de nulidad que alegan los demandantes, entre ellas la de que el procedimiento ejecutivo fué dirigido contra Souffront y su citada esposa, cuando ésta había ya fallecido, no siendo requeridos de pago sus herederos menores de edad, que en unión de su padre instituyen este pleito. Se alegó también que en el escrito inicial la ejecutante no se obligó a indemnizar y resarcir los daños y perjuicios que pudieran irrogarse a los demandados por malicia o negligencia en la fiel exposición de los hechos, y final-

mente, que se incluyó entre las sumas reclamadas por la demandante la cantidad de $98 por concepto de intereses de mora, cuando su pago no había sido estipulado.

Contestó la demandada negando que en la fecha en que se instituyó y tramitó el procedimiento no viviera la demandada Benigna Muñoz, alegando en contrario que según aparece del certificado del márshal en los autos de dicho procedimiento, fué ella requerida de pago juntamente con su esposo; alegó que en el párrafo séptimo del escrito inicial se obligó la ejecutante a indemnizar los daños y perjuicios que pudieran irrogarse a los demandados o a terceros interesados si hubiera existido malicia o negligencia en la fiel exposición de los hechos, y en cuanto a los intereses de mora, alegó que habían sido expresamente convenidos y fijados y que eran debidos al tiempo de la ejecución de la hipoteca por el período comprendido entre agosto de 1932 y octubre de 1933. Contrademandó además la demandada para el caso de que pudiera prosperar la demanda de nulidad, reclamando en dicha contrademanda el montante de la hipoteca y demás deudas accesorias garantizadas por la misma.

A pesar de que la contestación fué radicada el 20 de noviembre de 1937, no se celebró el juicio oral hasta el 31 de marzo de 1938 con la sola asistencia de la demandada y sus testigos, no obstante haberse incluído el señalamiento del juicio en calendario general y constarle al abogado de los demandantes tal señalamiento, según resulta del alegato que ha presentado en este tribunal.

La rebeldía de los contrademandados había sido anotada el 16 de febrero de 1938 y al no asistir los demandantes al juicio, la demandada solicitó se les diese por desisitidos de su acción y se procediese, como se procedió, a la prueba de la contrademanda, dictándose sentencia el 29 de abril de 1938 con los siguientes pronunciamientos: teniendo por desistidos a los demandantes, por abandono, de la prosecución de su acción; declarando sin lugar la contrademanda, y conde-

nando a los demandantes a pagar a la demandada la cantidad de $200 por concepto de honorarios de abogado.

■■ A pesar de que el juicio se celebró el 31 de marzo y la sentencia no se dictó hasta el 29 de abril siguiente, los demandantes, teniendo como tenían conocimiento de la celebración del juicio, en ningún momento trataron siquiera de invocar la discreción de la corte antes de que se dictara sentencia para que les diese una oportunidad de ser oídos. Por el contrario, dictada la sentencia los demandantes esperaron hasta el último día del término para radicar su escrito de apelación, y a pesar de que el récord fué radicado en este tribunal el 23 de octubre de 1938, después de siete u ocho prórrogas, radicaron su alegato el 23 de marzo de 1939.

La práctica dilatoria demostrada por los demandantes desde la iniciación de este pleito hasta la fecha sólo se explica por lo que resulta de la prueba de la demandada al efecto de que dos días después de entregada posesión de la finca ejecutada a la demandante en el procedimiento hipotecario, el demandado volvió a apoderarse de ella y desde entonces viene disfrutándola sin pagar canon o merced alguna ni tampoco las contribuciones territoriales sobre la referida finca.

Si los demandantes no asistieron a juicio y por consiguiente no sometieron evidencia alguna, ¿qué otra sentencia podría dictar la corte inferior que no fuese la de darles por desistidos por abandono de su acción, conforme prescribe el inciso 3 del artículo 192 del Código de Enjuiciamiento Civil?

Aún más, de la prueba que en apoyo de la contrademanda presentó la demandada, aparece que en el escrito inicial del procedimiento ejecutivo la demandante de manera expresa consignó que se obligaba a indemnizar a los demandados o a terceros interesados de cualesquier daños que pudieran irrogárseles por malicia o negligencia en la fiel exposición de los hechos, no surgiendo afirmativamente que la Sra. Benigna Muñoz hubiese fallecido en la fecha en que se instituyó y

tramitó dicho procedimiento ni que no se hubieren convenido intereses de mora.

Por lo expuesto, *procede desestimar el recurso y confirmar la sentencia apelada,* pero resultando de los autos la frivolidad de este recurso, procede que hagamos uso de nuestra discreción condenando a los apelantes al pago adicional de $100 por concepto de los servicios del abogado de la demandada en este tribunal.